# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| PAUL GARY ALLEN, | } |
| Petitioner, | } |
| v. | } Case No.: 1:16-cv-01794-RDP-JHE |
| REBECCA CLAY, | } |
| Respondent. | } |

### MEMORANDUM OPINION

This case is before the court on Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) and Respondent's Response to Show Cause Order (Doc. # 5). After careful review, and for the reasons explained below, the court concludes that Petitioner's habeas petition is due to be dismissed for lack of subject matter jurisdiction.

**I.      Background and Procedural History**

In 2011, Petitioner pled guilty in the Western District of Texas to conspiracy to distribute 50 grams or more of crack cocaine. (*See* W.D. Tex., Case No. 7:10-cr-00345-RAJ) ("Criminal Docket"), Docs. # 291, 352). Petitioner requested safety valve relief during sentencing, but the district court denied that request because it had applied an aggravating role enhancement to Petitioner's offense level under the Sentencing Guidelines. (*See* Doc. # 5-1 at 17) (narrative of sentencing facts in the *Anders* brief filed by Petitioner's appellate counsel). The district court sentenced Petitioner to 121 months' imprisonment. (Criminal Docket, Docs. # 523, 524). Thereafter, in July 2015, the sentencing court reduced Petitioner's sentence to 120 months, based on a motion filed pursuant to 18 U.S.C. § 3582. (Criminal Docket, Docs. # 721, 743).

Petitioner filed a direct appeal, which the Fifth Circuit dismissed as frivolous. (Criminal Docket, Docs. # 526, 633). A review of the sentencing court's electronic docket sheet indicates that Petitioner has not filed a 28 U.S.C. § 2255 motion to vacate with the sentencing court. Petitioner filed his current habeas petition pursuant to 28 U.S.C. § 2241 in October 2016. (Doc. # 1).

Respondent has sought dismissal of this habeas petition on the ground that this court lacks subject matter jurisdiction under the "saving clause" in 28 U.S.C. § 2255(e). (Doc. # 5 at 6-7). The Magistrate Judge has advised Petitioner to reply to Respondent's request for dismissal with affidavits or other materials. (Doc. # 6). Petitioner has submitted additional arguments for habeas relief. (Doc. # 9). In a supplemental brief, Respondent has argued that this habeas petition should be dismissed in light of the Eleventh Circuit's recent *en banc* opinion in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017). The Magistrate Judge has directed Petitioner to file any arguments or materials he has to respond to Respondent's invocation of *McCarthan*; no response has been filed. (Doc. # 12).

**II. Analysis**

Petitioner is a federal prisoner attempting to collaterally attack the legality of his sentence. The primary means for doing so is 28 U.S.C. § 2255. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003), *abrogated on other grounds by McCarthan*, 851 F.3d 1076 (11th Cir. 2017) (*en banc*). As a general rule, a motion pursuant to § 2255 must be filed within one year of the final judgment. 28 U.S.C. § 2255(f). Because Petitioner did not file a petition seeking certiorari with the Supreme Court, his judgment of conviction became final on February 6, 2014, one year following the ninety-day period after the Fifth Circuit dismissed his direct

2

appeal. *See Jeffries v. United States*, 748 F.3d 1310, 1313-14 (11th Cir. 2014). Therefore, as Petitioner concedes, he is time-barred from filing a motion pursuant to § 2255. (Doc. # 1 at 5).

A convicted federal prisoner can seek habeas relief under § 2241, though, if his claims fall within the "saving clause" of § 2255(e). Pursuant to the saving clause of § 2255(e), a federal court may entertain "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255]" if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The applicability of the saving clause is a threshold jurisdictional issue. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013), *abrogated on other grounds by McCarthan*, 851 F.3d 1076 (11th Cir. 2017) (*en banc*). If the saving clause does not apply to a federal prisoner's § 2241 claim, this court lacks jurisdiction to consider the claim. *Id.* at 1349-50.

The Eleventh Circuit recently readdressed and significantly limited the scope of habeas corpus jurisdiction under the saving clause in *McCarthan*. Overruling prior precedents, the Eleventh Circuit held:

> A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court.

*McCarthan*, 851 F.3d at 1099. The Eleventh Circuit concluded that the petitioner in *McCarthan* could not seek collateral review under § 2241 to contest his imprisonment sentence under the Armed Career Criminal Act ("ACCA") in light of a change in Eleventh Circuit caselaw. *Id.* at 1079. As the *McCarthan* opinion explained, because the petitioner "was free to bring" his ACCA claim in his initial § 2255 motion to vacate, the remedy under § 2255 was an "adequate

3

and effective means for testing such an argument," and he could not then use the saving clause to make that claim in a § 2241 habeas petition. *Id.* at 1099-1100 (quoting *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011)). But, a prisoner may utilize the saving clause to raise a habeas challenge to his detention "in ways that do not challenge the validity of his sentence." *Id.* at 1089. "For example, a prisoner may concede the validity of his sentence but raise claims about the execution of his sentence . . . ." *Id.*

Under the Eleventh Circuit's *McCarthan* ruling, this court lacks subject matter jurisdiction to consider Petitioner's habeas petition. This habeas petition presents a Sixth Amendment challenge to the sentencing court's consideration of facts not found by a jury when applying a Sentencing Guidelines enhancement and denying a safety-valve reduction. (Doc. # 1 at 6-7). This constitutional claim, ultimately premised on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is a challenge to the validity of Petitioner's sentence and, thus, it falls squarely within the scope of the sentencing court's jurisdiction under § 2255. *See* 28 U.S.C. § 2255(a) (allowing a federal prisoner to challenge a sentence "imposed in violation of the Constitution"). Petitioner was free to bring his *Apprendi* claim in a timely motion to vacate, and § 2255 afforded him an adequate and effective means to present the claim to the sentencing court. *McCarthan*, 851 F.3d at 1099-1100. As such, this court lacks subject matter jurisdiction over Petitioner's § 2241 petition, and the petition is due to be dismissed.[1]

---

[1] Of course, Petitioner's habeas petition would have subject to dismissal under the Eleventh Circuit's pre-*McCarthan* caselaw as well. *See, e.g.*, *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (affirming the dismissal of a § 2241 petition and explaining that the Eleventh Circuit has "repeatedly held that *Apprendi*'s rule does not apply retroactively on collateral review"), *abrogated on other grounds by McCarthan*, 851 F.3d 1076 (11th Cir. 2017) (*en banc*)

**III.     Conclusion**

For the reasons explained above, Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) is due to be dismissed. An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 6, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE